FILED
2010 MAR 29 PM 12:08
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTAY LAND COMPANY, a Delaware limited liability company, and FLAT ROCK LAND COMPANY, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>U.E. LIMITED, L.P., a California limited partnership; UNITED ENTERPRISES, LTD., a California limited partnership; UNITED ENTERPRISES, INC., a Delaware corporation; JOHN T. KNOX; THE OTAY RANCH, L.P., a California limited partnership; BALDWIN BUILDERS, a California corporation; SKY COMMUNITIES, INC., a California corporation; SKY VISTA, INC., a California corporation; OLIN CORPORATION, a Virginia corporation; PHIL G. SCOTT; RAY M. ENNIS; and PATRICK J. PATEK,<br><br>Defendants. | CASE NO. 03CV2488 BEN (POR)<br><br>ORDER AFTER REMAND |

This matter is before the Court upon the Mandate of the United States Court of Appeals for the Ninth Circuit. (Docket No. 401.) The Ninth Circuit remanded this case with instructions to dismiss Plaintiffs' complaint on the grounds that the case is not ripe and for determination of whether Defendants are entitled to costs under 28 U.S.C. § 1919.

Pursuant to the Mandate, this Court hereby **DISMISSES** Plaintiffs' complaint on the grounds

that the case is not ripe and, therefore, this Court lacks jurisdiction.

As to costs, this Court previously awarded costs to Defendant Phil Scott in the amount of $44,541.62, Defendant Ray Ennis in the amount $8,659.13, Defendant Olin Corporation in the amount of $30,540.95, Defendant Baldwin Builders in the amount of $116,430.85, and Defendants UE Limited, LP, United Enterprises, LTD, United Enterprises, Inc., John T. Knox and Patrick J. Patel in the amount of $ 71,818.01. (Docket Nos. 354-357, 358, 385, 386.) These costs were awarded under Federal Rule of Civil Procedure ("FRCP") 54(d), with reference to 28 U.S.C. § 1920. *Id.* On remand, the Ninth Circuit instructs the Court to, instead, consider these costs under 28 U.S.C. § 1919.

Section 1919 of title 28 of the United States Code provides,

> Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs.

Unlike FRCP 54, an award of costs under Section 1919 does not turn on whether Defendants are the prevailing party. 28 U.S.C. § 1919; Fed. R. Civ. P. 54(d). Although Section 1919 does not define "just costs," most courts look to 28 U.S.C. § 1920 for help in determining what costs are "just." *See, e.g., Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998 )(standards applied under Section 1920 are "helpful"); *see also Davis v. Eastfield Ming Quong, Inc.*, No. C-08-00769, 2009 WL 225420, at * 1-2 (N.D. Cal. Jan. 29, 2009) (messenger costs were not recoverable under Section 1919 because they were not enumerated under Section 1920 and moving parties failed to show the costs were necessary and reasonable under the circumstances). Costs allowable under Section 1920 are enumerated in the statute. *Id.*; *see also* 28 U.S.C. § 1920. Courts may also consider necessity and reasonableness of the costs. *Id.*

Defendants seek costs for deposition transcripts and service of summons and subpoenas. (Docket Nos. 354-357, 358.) These costs are enumerated under 28 U.S.C. § 1920. *See* 28 U.S.C. § 1920(1) and (2). Additionally, these costs are necessary because they enabled Defendants to properly ascertain the claims in the case and litigate the case accordingly.

Therefore, on remand, the Court **AWARDS** costs under 28 U.S.C. § 1919 to Defendant Phil Scott in the amount of $44,541.62, Defendant Ray Ennis in the amount $8,659.13, Defendant Olin Corporation in the amount of $30,540.95, Defendant Baldwin Builders in the amount of $116,430.85,

and Defendants UE Limited, LP, United Enterprises, LTD, United Enterprises, Inc., John T. Knox and Patrick J. Patel in the amount of $ 71,818.01. The Court **VACATES** its prior determination that Defendants are prevailing parties, as such determination is extraneous and irrelevant for purposes of 28 U.S.C. § 1919.

**IT IS SO ORDERED**.

Date: 3/28/2010

Hon. Roger T. Benitez
Judge, United States District Court