UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTAY LAND COMPANY, a Delaware limited liability company, et al.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>U.E. LIMITED, L.P., a California limited partnership, et al.,<br><br>  Defendants. | CASE NO. 03cv2488 BEN<br><br>**ORDER AFTER REMAND RE-AWARDING COSTS UNDER 28 U.S.C. § 1919** |

**INTRODUCTION**

This matter is before the Court for the third time upon the Mandate of the United States Court of Appeals for the Ninth Circuit. On April 16, 2012, a hearing was held to spread the Mandate. Although notice was sent to both firms representing Plaintiffs, Counsel for Plaintiffs failed to appear and failed to contact the Court before the hearing. Counsel for Defendants did appear.

Previously, this Court entered summary judgment in favor of Defendants and noted that the case was not ripe. *See Otay Land Co. v. U.E. Ltd. LP*, 440 F. Supp. 2d 1152 (S.D. Cal. 2006). Costs were awarded to Defendants as prevailing parties under 28 U.S.C. § 1920. Plaintiffs appealed. The Ninth Circuit found that the action was not ripe. It remanded the case with instructions to dismiss the Complaint, and to determine whether Defendants were entitled to costs under 28 U.S.C. § 1919. *Otay Land Co. v. United Enters.*, Nos. 06-56132, 07-56514, 07-56515,

1  2009 U.S. App. LEXIS 16294 (9th Cir. Jul. 22, 2009). On March 29, 2010, on remand, this Court
2  dismissed the Complaint and awarded "just costs" to Defendants, not under 28 U.S.C. § 1920, but
3  under § 1919. Plaintiffs appealed again. Now, the Ninth Circuit has remanded for further
4  consideration of what constitutes "just costs," under a newly announced standard. *See Otay Land*
5  *Co. v. United Enters.*, 672 F.3d 1152 (9th Cir. 2012).

6  Plaintiffs have had an opportunity to present their arguments. The Defendants first filed
7  their bills of costs in August of 2006. The requests were detailed. For example, Defendant Scott
8  filed his motion to tax costs of $44,541.62 with more than 120 pages of exhibits. Defendant
9  Baldwin Builders filed its motion to tax cost of $116,680.85 with over 130 pages of exhibits. The
10 other Defendants followed suit. The Clerk of Court set a date for hearing objections. Plaintiffs
11 filed an objection to the bill of costs by Defendant Ennis. They likewise filed separate objections
12 to each of the other Defendant's costs. The hearing was held and counsel for Plaintiffs appeared
13 personally at the office of the Clerk of Court. The Clerk of Court issued his decisions on
14 December 8, 2006, and Plaintiffs filed their motion to re-tax costs awarded to Defendant Ennis and
15 Defendant Scott shortly thereafter. However, Plaintiffs missed the deadline for filing their
16 motions to retax the costs awarded to United Enterprises Defendants and the Baldwin Builders
17 Defendants. One month later, Plaintiffs sought leave to file late their motion to re-tax costs for the
18 remaining Defendants in twin 200-page filings. Defendants filed opposition briefs; Plaintiffs filed
19 three reply briefs. The Court declined to consider the late motions and ruled without a hearing.
20 On appeal, Plaintiffs argued primarily that Defendants were not prevailing parties. The court of
21 appeals agreed and remanded for consideration of costs under § 1919, instead of § 1920. At the
22 appeal mandate hearing before this Court on October 13, 2009, Plaintiffs took the further
23 opportunity to argue against any award of costs under § 1919. Although given notice, at the most
24 recent appeal mandate hearing, Plaintiffs did not appear. Nevertheless, this Court directed
25 Defendants' counsel to articulate Plaintiffs' arguments in Plaintiffs' absence.

26 **LEGAL STANDARD**

27 In its decision, the Ninth Circuit explains that while § 1919 does not define the term "just
28 costs," a court is to consider "what is most fair and equitable under the totality of the

- 2 -

circumstances." *See Otay Land Co.*, 672 F.3d at 1157. It emphasizes a "case-by-case approach" based on the circumstances and equities of each case. *Id.* In fleshing out the discretionary "just costs" standard, the Court of Appeals details a non-exclusive list of four factors worth considering.

The *first* and most important factor, according to the Court of Appeals, is that § 1919 does not employ a prevailing party standard. *Id.* at 1157-58. A costs award is not mandatory, but discretionary. *Id.* at 1158. A *second* factor to be considered is the role played by "exigent circumstances, such as hardship or culpable behavior by the parties." *Id.* Moreover, just costs may be awarded even in the absence of extraordinary circumstances. *Id.* Also not definitive, but a legitimate consideration is the *third* factor: the strength of the plaintiff's dismissed jurisdictional claim. *Id.* For this factor, the Court of Appeals notes that "the driving motivation behind § 1919 is to balance the need to deter improper or wrongful invocations of federal jurisdiction against the importance of providing a federal forum for actions that fulfill the 'statutory criteria' for jurisdiction. *Id.* The *fourth* factor a court may consider is the significance of pending parallel state court litigation. *Id.* at 1159. While a federal court may defer an award of just costs while state litigation is ongoing, it need not. *Id.* If the costs in question may be justly awarded in the federal case, there is no reason to defer to future state court proceedings. *Id.*

## DISCUSSION

To be clear, this Court understands that it has discretion to completely deny Defendants' costs under § 1919. The Court may also apportion costs between the parties, provided that there is genuine, non-speculative, non-arbitrary basis for doing so. Finally, the Court may award all costs to the Defendants, which in some cases might well be the same costs that would be awarded to a defendant if a defendant were a prevailing party under § 1920. Under § 1919, a court's costs award will be the result of its case-by-case review of the circumstances and equities of the case – and the result will be "what is most fair and equitable under the totality of the circumstances."

In arriving at its prior decision, a decision reconsidered and reimposed today, this Court did consider the circumstances and equities of this particular case and was aware of the range of its discretion under § 1919.

As to the first "just costs" factor, this Court did not presume Defendants were entitled to

their costs simply because they were prevailing parties.[1] Instead, each of the Defendants is entitled to all of their costs because this allocation is just and fair. From the inception of this case, the equities favored the Defendants.

Culpability, the second "just costs" factor also weighs against the Plaintiffs. Plaintiffs bought the real estate (giving rise to this litigation) where the defunct shooting range was open and obvious. Then Plaintiffs, represented by expert environmental counsel, chose to bring this action based on tenuous CERCLA and RCRA theories years before the action was ripe. Not interested in addressing the jurisdictional issue of ripeness, Plaintiffs relentlessly pushed past the question – as evidenced by three amended complaints, multiple expert depositions, multiple discovery disputes, and motions for reconsideration and appeals, resulting in 386 docket entries prior to the first appeal – and all while the case was unripe. Because Plaintiffs were masters of their complaint and the sole decision-makers of when to file it and how to prosecute it, justice and fairness requires Plaintiffs pay for the costs Defendants were forced to incur to defend against the litigation onslaught.

The third "just costs" factor looks at the strength of the jurisdictional claim. In this case, the Plaintiffs' federal claims were weak. The jurisdictional timing was premature by years, not days. This was not a case where Plaintiffs can claim jurisdiction was lost through happenstance or

---

[1] It is understandable that the Court of Appeals misunderstood this Court's costs order as implying a prevailing-party presumption. That is what Plaintiffs argued on appeal. Plaintiffs argued, "the District Court instead treated Appellees as if they had prevailed on the merits of their claims and awarded costs accordingly." Appellants' Reply Br. at 8. Notably, missing from Plaintiffs' appellate brief was any mention of this concluding sentence from the order on costs: "The Court VACATES its prior determination that Defendants are prevailing parties, *as such determination is extraneous and irrelevant for purposes of 28 U.S.C. § 1919.*" Order After Remand (dated Mar. 28, 2010), at 3 (emphasis added). Also missing from Plaintiffs' appellate brief is mention of the following colloquy at the appeal mandate hearing, which took place between Plaintiffs' counsel and the Court:

Counsel: And we believe if you look at the legislative history of 1919, you will see that just costs may be imposed. That under just costs, the defense is not entitled to the presumption that they're entitled to costs because they prevailed.

The Court: Forget the presumption, I agree. All right, so there is no presumption. But why shouldn't they get just cost[s]? They haven't prevailed because the action is being dismissed, but the action is being dismissed because it was not ripe and there was no jurisdiction. So we did all of this litigating, all of this time, all of this money, only to eventually decide that there was no jurisdiction.

(Tr. of Appeal Mandate Hr'g on May 13, 2010 (docket no. 416), at 8:8 to 8:19.)

1  that jurisdiction existed at the outset, but was lost along the way due to events out of Plaintiffs'
2  control. The failure to correctly assess the ripeness of the federal claims – and thus, the federal
3  court's lack of jurisdiction – was entirely of the Plaintiffs' own doing. Awarding Defendants all of
4  their costs in this case furthers the Congressional objective of deterring other plaintiffs from
5  improperly and prematurely invoking federal jurisdiction. *Id.* at 1158 (driving motivation behind
6  § 1919 is balancing need to deter wrongful invocations of federal jurisdiction against providing
7  forum for actions satisfying statutory criteria for jurisdiction).

8  The fourth "just costs" factor considers the significance of pending parallel state court
9  litigation. In this case, the federal claims were tenuous and the lawsuit premature. Yet, the
10 Defendants had no choice but to incur defense costs. Here, one cannot separate out the costs
11 incurred defending the dismissed federal claims and the costs incurred which might be later useful
12 in defending the state court action. As Plaintiffs wrote in their appellate brief, "*it is impossible to
13 distinguish which costs were related to investigation and litigation of the federal causes of action
14 that were dismissed and those costs which were related to the ancillary state law claims*."
15 Appellants' Reply Br. at 19 (emphasis added).

16  Moreover, due to the passage of time and changing environmental conditions, it is clear
17 that some of the costs incurred obtaining expert witness opinions will have been wasted. At
18 bottom, since the costs awarded today are just and fair in this federal case, there is no need to defer
19 to future proceedings in state court. *Id.* at 1159. This action was filed in 2003. Today, it is 2012.
20 The Defendants have lost the time value of their money. Delaying the payment of costs further
21 would be unfair and unjust. As the Supreme Court observed in a different context, but applicable
22 here, "[p]rotecting against abusive delay *is* an interest of justice." *Martel v. Clair*, 132 S. Ct.
23 1276, 1286 (2012) (emphasis in original). As to Plaintiffs' argument that some of the costs
24 incurred would be useful to the Defendants in the state court litigation, this Court found the
25 argument unpersuasive and the Ninth Circuit agreed. *Otay Land Co.*, 672 F.3d at 1159-60.

26  After considering the totality of the circumstances, this Court finds that there is no reason
27 to award Plaintiffs costs or to apportion costs. This Court further finds that what would be unfair
28 and unjust would be to make the Defendants absorb any of the costs they were forced to incur.
Plaintiff have pursued a "scorched earth" strategy throughout this litigation, including *ad*

*hominem* attacks on this Court accusing it, in a less than flattering way, of "ruminating" and making "uninformed" decisions. Sadly, perhaps if Plaintiffs had ruminated a little longer before commencing this action, they would have been better informed and might have observed what was apparent to this Court, as well as the Ninth Circuit: that this action was not ripe.

## CONCLUSION

Accordingly, having considered whether to award "just costs" to any of the parties under 28 U.S.C. § 1919, the Court finds that it is fair and equitable under the totality of circumstances to re-award costs to Defendants in the same amounts set out in the previous Order After Remand (dated Mar. 28, 2010). Therefore, the Court awards costs to Defendant Phil Scott in the amount of $44,541.62, Defendant Ray Ennis in the amount of $8,659.13, Defendant Olin Corporation in the amount of $30,540.95, Defendant Baldwin Builders in the amount of $116,430.85, and Defendants UE Limited, LP, United Enterprises, LTD, United Enterprises, Inc., John T. Knox and Patrick J. Patel in the amount of $71,818.01.

IT IS SO ORDERED.

DATED: May 24, 2012

Hon. Roger T. Benitez
United States District Judge